**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| PRIMED, INC. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 8:11-CV-2002-T-33AEP |
| | ) |
| DALLAS GENERAL LIFE | ) |
| INSURANCE COMPANY and | ) |
| JEFFERSON LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant, | ) |
| | ) |

_____

**RESPONDENTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PRIMED, INC.'S PETITION TO CONFIRM ARIBTRATION AWARD**

    The respondents Dallas General Life Insurance Company and Jefferson Life Insurance Company (Jefferson) hereby answer PriMed's Petition To Confirm Arbitration Award as follows:

    1.  Admit.

    2.  Admit.

    3.  Admit.

    4.  Admit.

    5.  Admit that this Court has personal jurisdiction. Respondents deny all other allegations contained in paragraph 5.

    6.  Admit that Venue is proper in this Court. Respondents deny that FAA, 9 U.S.C §9 governs this dispute and would show the Court that this dispute is governed by the Florida Arbitration Act.

    7.  Admit.

8.    Admit that Dallas General, Jefferson Life and PriMed signed the Addendum and the Addendum attached to the Petition as Exhibit #2 speaks for itself.   Respondents deny all other allegations contained in paragraph 8.

9.    Admit.

10.   Admit.

11.   Admit.

12.   Admit that the Arbitrator signed an Interlocutory Order regarding liability issues and that a true and correct copy of the Interlocutory Order is attached as Exhibit 3. Respondents deny all other allegations contained in paragraph 12.

13.   The interlocutory Order speaks for itself.   Respondents deny all other allegations contained in paragraph 13.

14.   Admit that the Arbitrator issued an interlocutory Order regarding damage issues in the case on June 30, 2011 and that a copy of the interlocutory Order is attached as Exhibit 4. Respondents deny that the June 30, 2011 Interlocutory Order an arbitration award.

15.   Admit that Respondents filed a Motion For Clarification of Damage Award and that the motion is attached as Exhibit 5. Respondents deny all other allegations contained in paragraph 15.

16.   Admit that Petitioner provided the Arbitrator with a case and that the case is attached as Exhibit 6.   Respondents deny all other allegations contained in paragraph 16.

17.   Admit that the Arbitrator email speaks for itself and

that the email is attached as Exhibit 7.  Admit that Petitioner provided the Arbitrator with a case and that the case is attached as Exhibit 6.  Respondents deny all other allegations contained in paragraph 17.

18.  Admit.

19.  Admit.

20.  Admit.

21.  Admit that no objection was made concerning the appointment of the Arbitrator or his Jurisdiction.  Jefferson Life denies all other allegations contained in paragraph 21.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition To Confirm Arbitration Award is premature because Petitioner has failed to provide Respondents with 90 days to file their application to vacate, modify or correct the August 24, 2011 Amended Arbitration Award.

### THIRD DEFENSE

This action is barred due to the doctrine of illegality. PriMed's arbitration award was based on a breach of a contract. However, the contract between the parties was illegal and thus cannot be enforced or form the basis of an arbitration award. Pursuant to Florida law, any entity that intends to transact

business in Florida as a "discount medical plan organization" must be licensed by the Office of Insurance Regulation. The PriMed discount physician program is a discount medical plan, but PriMed did not hold a license with the Florida Office of Insurance Regulation during the period at issue in the arbitration award. The Arbitration Award awards damages to PriMed against the respondents because they failed to enroll members PriMed's insurance programs. The Arbitration Award must be vacated because it was illegal for PriMed to sell the respondents a discount medical plan period without a license.

<div style="margin-left: 40%;">

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

By: /s/ Marion Hale
    MARION HALE
    FBN #441351
    marionh@jpfirm.com
    Post Office Box 1368
    Clearwater, FL 33757
    (727) 461-1818 – tel
    (727) 462-0365 – fax
     Local Counsel for Dallas
    General Insurance Company and
    Jefferson Life Insurance
    Company

And

**QUARLES & BRADY**

By: *Kenneth H. Haney*
    Kenneth H. Haney
    Florida Bar No. 190561
     1395 Panther Lane
    Naples, Florida  34109
    (239) 650-5959
    (239) 213-5406

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.


/s/ *Marion Hale*
Marion Hale