PRIMED, INC.                           )
                                       )
    Plaintiff,              )
                                       )
vs.                                    )   Case No. 8:11-CV-2002-T-33AEP
                                       )
DALLAS GENERAL LIFE                    )
INSURANCE COMPANY and                  )
JEFFERSON LIFE INSURANCE               )
COMPANY,                               )
                                       )
    Defendant,              )
                                       )

_____

## RESPONDENTS' MOTION TO STAY THIS ACTION

The respondents, Dallas General Life Insurance Company ("Dallas") and Jefferson Life Insurance Company ("Jefferson") hereby move to stay this action until the respondents have filed their motion to vacate the Arbitration Award and there has been a ruling on that motion.

## MEMORANDUM OF LAW

On or about November 1, 2006, PriMed Inc. ("Primed") and Dallas entered into an agreement for PriMed to provide access for plan members to providers of medical services. The PriMed Program offered plan members the right to receive medical services from those providers at a discount in exchange for money. On or about November 1, 2003, PriMed and Dallas entered into an Addendum to the Agreement which provided that

Jefferson was to assume the obligations of Dallas. The agreement had an arbitration clause and provided that Florida law would govern. PriMed instituted an arbitration proceeding alleging that Dallas and Jefferson had breached the agreement by failing to enroll members in PriMed's insurance program.

On March 19, 2010, the Arbitrator entered an Order on Liability Phase of Arbitration Hearing. On June 20, 2011, the Arbitrator entered an Arbitration Award as to Damages. The award provided that counsel for PriMed should compute the pre-judgment interest to be awarded and submit the computation to the Arbitrator in a proposed amended arbitration award. Dallas and Jefferson filed a Motion for Clarification of Damage Award on July 22, 2011. On August 24, 2011, the Arbitrator entered an Amended Arbitration Award As To Damages. PriMed filed its Petition to Confirm Arbitration Award with this Court on September 1, 2011.

The Agreement between the parties provided that it would be governed by Florida law. Because the Federal Arbitration Act (FAA) does not prevent the enforcement of agreements to arbitrate under different rules than those stated in the FAA itself, the FAA does not preempt Florida law, including the period prescribed by the Florida Arbitration Code to vacate an arbitration award. Section 682.13(2), Florida Statutes (2009) provides a party with 90 days to file an application to

vacate, modify or correct an arbitration award.[1]  Further, Section 682.13(4) contemplates that the Court will refrain from confirming an award until a decision is rendered on a timely filed motion to vacate, modify or correct the award.

PriMed's Petition To Confirm Arbitration Award is premature because PriMed has failed to provide Dallas and Jefferson with 90 days to file their application to vacate, modify or correct the August 24, 2011 Amended Arbitration Award.  The respondents are reviewing the entire arbitration record and are preparing and intend to file a joint motion to vacate the Arbitrator's August 24, 2011 award because the award violates §682.13 and/or Florida law.  Dallas and Jefferson will file their motion to vacate the August 24, 2011 Arbitration Award on or before November 18, 2011, less than 90 days from August 24, 2011.

The Court should afford the respondents an opportunity to fully evaluate the award, the evidence presented at the arbitration hearing and the exhibits presented to the arbitration and to otherwise perform such other analysis of the award to enable the preparation of a comprehensive motion to vacate, modify or correct the award.  Both the Florida

---

1 Even if the Court were to determine that the Federal Arbitration Act, 9 U.S.C. §§1 et seq., applies, then the provisions of section 12 of the FAA similarly afford Respondents ninety (90) days within which to file a motion to vacate, modify or correct the award and the Court is authorized to issue an order " staying the proceedings of the adverse party to enforce the award" pending resolution of the motion.

Arbitration Code and the FAA contemplate that the respondents shall have 90 days from the issuance of the award (here, from August 24, 2011) to prepare such an analysis and file an appropriate motion. The failure to afford that opportunity to the respondents would constitute clear error and a "manifest injustice." *Burlington N. & Santa Fe Railway Co.v. Public Service Co. of Oklahoma*, 2007 WL 593621, *1 (N.D. Okla. Feb. 21, 2007) (holding that granting a motion to confirm "without first considering the arguments contained in [respondent's] Motion to Amend and Motion to Vacate was fundamentally unfair and counter to the interests of justice. It is further in direct contravention of the general policy favoring decision of cases based on their merits rather than mere technicalities"); *see also The Hartbridge in re North of England S.S. Co., Ltd.*, 57 F.2d 672, 673 (2nd Cir. 1932) (holding that it was error for Court to confirm an arbitration award when it had been advised of respondent's intent to make objections and move to vacate the award and the bases for the intended objections).

## CONCLUSION

Based upon the foregoing, Dallas and Jefferson request the Court to stay this action until they have filed their motion to vacate the August 24, 2011 Arbitration Award, and there has been a ruling on that motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned has conferred with the petitioner's counsel as required by the Local Rules of the United States District Court, Middle District of Florida. The parties have been unable to agree to the resolution of this motion.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

By: /s/ Marion Hale
    MARION HALE
    FBN #441351
    marionh@jpfirm.com
    Post Office Box 1368
    Clearwater, FL 33757
    (727) 461-1818 – tel
    (727) 462-0365 – fax
    Local Counsel for Dallas
    General Insurance Company and
    Jefferson Life Insurance
    Company

And

**QUARLES & BRADY**

By: *Kenneth H. Haney*
    Kenneth H. Haney
    Florida Bar No. 190561
    1395 Panther Lane
    Naples, Florida  34109
    (239) 650-5959
    (239) 213-5406

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>6th</u> day of October, 2011, I

electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ *Marion Hale*
Marion Hale