**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PRIMED, INC.,

      Petitioner,

v.                                                                    Case No. 8:11-cv-02002-VMC-AEP

DALLAS GENERAL LIFE INSURANCE
COMPANY and JEFFERSON LIFE
INSURANCE COMPANY,

      Respondents.

_____/

**PETITIONER PRIMED, INC.'S RESPONSE**
**TO RESPONDENTS' MOTION TO STAY THIS ACTION**

Petitioner, PriMed, Inc. ("PriMed"), by and through undersigned counsel, files this its

Response to the Motion to Stay this Action (Doc. 15) of Respondents, Dallas General Life

Insurance Company ("Dallas General") and Jefferson Life Insurance Company ("Jefferson Life")

(collectively, "Respondents"), and states as follows:

**MEMORANDUM OF LAW**

Respondents' request to stay this action is a delay tactic that simply seeks to stall the

inevitable.  Neither the relevant statutes nor case law supports Respondents' request to stay

PriMed's action to confirm the underlying Arbitration Award.  Accordingly, this Court should

deny the Motion to Stay this Action.

 As an initial matter, the relevant provision of the Federal Arbitration Act ("FAA"),[1] 9

U.S.C. § 9, sets forth the procedure for confirming an arbitration award, stating in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration, and shall specify the

---

[1] Despite Respondents' assertions to the contrary, it is beyond dispute that the FAA controls the determination of the
instant proceeding.  See Petitioner PriMed, Inc.'s Motion for Summary Judgment, § III.A. (Doc. 16).

court, then *at any time within one year after the award* is made any party to the arbitration may apply to the court so specified for an order confirming the award, *and thereupon the court must grant such an order* unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).   The text of a statute is the most persuasive evidence of Congress's intent.  National Coal Ass'n v. Chater, 81 F.3d 1077, 1082 (11th Cir.1996), citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).  By the use of this statutory language, Congress has clearly evidenced its intent that a prevailing party in arbitration can seek to confirm its arbitration award *at any time*.  Where, as here, the intent of Congress is expressed in the text of a statute in reasonably plain terms, this Court must give effect to that intent.  National Coal Ass'n, 81 F.3d at 1081, citing Griffin, 458 U.S. at 570, 102 S.Ct. at 3250.  The ability to confirm an arbitration award at any time is in keeping with the purpose of arbitration – to resolve disputes efficiently and expeditiously.  See AT&T Mobility LLC v. Concepcion, --- U.S. ---, 131 S.Ct. 1740, 1751, 179 L.Ed.2d 742 (2011), quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. ---, 130 S.Ct. 1758, 1775, 176 L.Ed.2d 605 (2010) ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes.").  Because a stay would both contravene the FAA's unambiguous statutory language and frustrate the purpose of arbitration, it is inappropriate.

To begin with, a stay of confirmation should not be lightly granted.  Hewlett-Packard Co., Inc. v. Berg, 61 F.3d 101, 106 (1st Cir.1995).  Moreover, the case law does not support a stay under these circumstances.  In RPJ Energy Fund Mgmt., Inc. v. Collins, 552 F.Supp. 946 (D.Minn.1982), a case directly on point, Collins, the nonprevailing party in an arbitration, argued that RPJ's petition for confirmation of the arbitration award, which was made five days after the

issuance of the award, should have been dismissed as untimely pursuant to 9 U.S.C. § 12. Id. at

950. Collins argued that under 9 U.S.C. § 12, he had three months after the award to move to

vacate, modify, or correct the award, and therefore RPJ's petition for confirmation was

premature because it limited his time to determine the most prudent course of action in response

to the arbitration award. Id. In response, the court stated:

> There is no merit to Collins' argument that this application is premature under 9
> U.S.C. § 12. 9 U.S.C. § 9 states that application to confirm an award shall be
> made at any time within one year after the award is made. Nothing in the statute
> indicates that a party may not seek confirmation of an award prior to the passage
> of the three months provided for seeking to vacate or modify the award.

Id. Because the issue and argument in RPJ Energy Fund Mgmt. are the same as in the instant

matter, the conclusion should be the same as well – the requested stay should be denied.

Likewise, Kanuth v. Prescott, Ball & Turben, Inc., 1990 WL 91579 (D.D.C. June 19,

1990) rejects Respondents' arguments in support of a stay as well as their reliance on In re North

of England S.S. Co. (The Hartbridge), 57 F.2d 672 (2d Cir.1932). In Kanuth, the nonprevailing

party, Prescott, Ball & Turben ("PBT") sought to continue Kanuth's motion to confirm the

arbitration award, because PBT contended that it should not have to defend against the

confirmation until after the expiration of the three-month period in 9 U.S.C. § 12. Id. at *1-2.

The court rejected this position, stating that 9 U.S.C. § 12 states a period of limitations for

motions to vacate, modify, or correct an arbitration award – that is, a party may not move to

vacate or modify an award unless it has given notice within three months after the award. Id. at

*2. Furthermore, as a statute of limitations on motions to vacate, 9 U.S.C. § 12 "does not

prevent a party seeking to confirm from doing so within the three-month period," because 9

U.S.C. § 9 specifically states that a party may move to confirm "at any time after the award is

made." Id.

The <u>Kanuth</u> court also stated that the few cases dealing with the question of delaying a motion to confirm also do not support a continuance or stay of a motion to confirm an arbitration award.  <u>Id.</u>  Presciently, the <u>Kanuth</u> court stated that "PBJ is impaled on its own case.  In <u>The Hartbridge</u>, a Second Circuit panel consisting of both Circuit Judges Learned and Augustus Hand and Circuit Judge Swan wrote:

> The motion to confirm the award was not premature.  Section 9 provides that "at any time within one year after the award is made" any party to the arbitration may apply to the court for an order of confirmation.  Section 12 requires that notice of a motion to vacate an award must be served within three months after the award is filed or delivered, but there is nothing in such requirement to suggest that the winning party must refrain during that period from exercising the privilege conferred by section 9 to move "at any time" within the year.[2]

<u>Id.</u>, quoting <u>The Hartbridge</u>, 57 F.2d at 673.  For additional support, the <u>Kanuth</u> court also cited to <u>RPJ Energy Fund Mgmt.</u> for the principle that an application to confirm an arbitration award is not premature when made within three months of the award.  <u>Kanuth</u>, 1990 WL 91579 at *2.  The <u>Kanuth</u> court then held as follows:

> Based upon [<u>The Hartbridge</u> and <u>RPJ Energy Fund Mgmt.</u>], the Court concludes that PBT has no statutory right to a three-month period after the award to sort out options, mull over tactics, or hold up confirmation of the award while new lawyers get up to speed.  This legal conclusion is reinforced by another practical one.  Despite PBT's reference to thousands of pages of transcripts, hundreds of exhibits, and voluminous briefs involved in the arbitration proceedings, this Court would have no power to pick through this mass of material looking for errors.  The Court is not allowed to correct errors of law or fact, if any there be, made by the arbitrators. Section 10 of the Act spells out very limited grounds for vacating an arbitration award.

<u>Id.</u> at *3.   Because <u>Kanuth</u> demonstrates that Respondents' reliance on <u>The Hartbridge</u> is misplaced, and because <u>Kanuth</u> completely spurns Respondents' arguments, a stay of the instant matter should be similarly denied.

---

[2] In the very next sentence, <u>The Hartbridge</u> court stated, "We regard the jurisdiction of the court to enter the order of confirmation as beyond question."  <u>The Hartbridge</u>, 57 F.2d at 673.

Finally, in <u>Holz-Her U.S., Inc. v. Monarch Machinery, Inc.</u>, 47 F.Supp.2d 646, 648 (W.D.N.C.1999), the court noted that the FAA has "statutory policy of rapid and unobstructed enforcement of arbitration agreements," <u>quoting</u> <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). The <u>Holz-Her</u> court further stated:

> While this policy expressed in <u>Moses H. Cone</u> is focused on the responsibility of federal courts to *compel* arbitration, the Court believes that it is equally important in determining whether to *enforce* an arbitration award. Just as "exceptional circumstances" must exist in order to prevent a Court from compelling arbitration, a party seeking a stay to the enforcement of an arbitration award should be required to make a similarly strong showing.

<u>Holz-Her</u>, 47 F.Supp.2d at 648 (emphasis in original) (internal citations omitted). Here, Respondents cannot make such a showing. None of the statutory exceptions to confirmation apply, and Respondents' defense that the subject Agreement is illegal is without merit because it is not properly before this Court. Because there exist no circumstances, let alone exceptional circumstances, that prevent this Court from enforcing the Arbitration Award, this Court should deny the requested stay.

Respectfully submitted,

/s/ Michael P. Silver
JOHN E. JOHNSON
Florida Bar No. 593000
jjohnson@shutts.com
MICHAEL P. SILVER
Florida Bar No. 868701
msilver@shutts.com
SHUTTS & BOWEN LLP
4301 West Boy Scout Boulevard, Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
Attorneys for Petitioner

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2011, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.


/s/ Michael P. Silver
Attorney

TPADOCS 19011012 1