**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PRIMED, INC.,

    Petitioner,

v.                                                     Case No. 8:11-cv-2002-T-33AEP

DALLAS GENERAL LIFE INSURANCE
COMPANY and JEFFERSON LIFE
INSURANCE COMPANY,

    Respondents.
_____/

## ORDER

THIS CASE is before the Court on Petitioner PriMed, Inc.'s Motion for Summary Judgment (Doc. 16) and Respondents' Motion to Vacate the Arbitration Award (Doc. 22). This Court held a hearing on the Motions on February 10, 2012. (Doc. 32). For the reasons that follow, the Court grants the Motion for Summary Judgment and denies the Motion to Vacate the Arbitration Award.

### Analysis

PriMed filed this action to confirm an arbitration award that had been entered in its favor and against Respondents. (Doc. 1). PriMed then filed its Motion for Summary Judgment (Doc. 16), to which Respondents filed their Memorandum in Opposition (Doc. 21). Respondents filed a Motion to Vacate the Arbitration Award (Doc. 22), to which PriMed filed its Response (Doc. 23). Because the Court finds that the parties essentially make the same arguments in their respective Motions and Responses/Oppositions, the Court will simultaneously consider and rule upon both of the Motions before the Court.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA") controls the determination of this proceeding to confirm the arbitration award, because the subject transaction involved interstate commerce. The FAA applies if the transaction involves interstate commerce, even if the parties did not contemplate interstate commerce. Rewards Hotel Mgmt. Co., LLC v. Elite Gen. Contractors, Inc., 860 So.2d 1011, 1013 (Fla. 3d DCA 2003), quoting Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 277, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). This is the case even where an arbitration agreement has a choice of law provision specifying that Florida law controls. See Rewards Hotel Mgmt., 860 So.2d at 1013.

While the arbitration award that the arbitrator prepared in the underlying arbitration was a relatively short order, that does not mean that it is not valid. The case of Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842 (11th Cir. 2011) is instructive. In that case, the panel of arbitrators simply found that the plaintiffs had proven their claims "by the greater weight of the evidence," id. at 840-841, and ordered the defendants to pay the plaintiffs $2 million. Id. at 841. The defendants tried to argue, as Respondents do here, that more analysis was needed. The Eleventh Circuit rejected that argument and explained:

> In the present case, three validly-appointed arbitrators oversaw a five-day hearing and rendered a thoughtful, reasoned award. We decline to narrowly interpret what constitutes a reasoned award to overturn an otherwise apparently seamless proceeding. The parties received precisely what they bargained for—a speedy, fair resolution of a discrete controversy by an impartial panel of arbitrators skilled in the relevant areas of the law. To vacate the Award and remand for an entirely new proceeding would insufficiently respect the value of arbitration and inject the courts further into the arbitration process than Congress has mandated. As such, the Award should be confirmed and this controversy should be put to rest once and for all.

Id. at 845-846. The arbitration award in the instant case is more detailed than the award in Cat Charter. Here, the arbitrator's award included specific dates and identified Respondents' actions that constituted breach of the subject contract. As stated in White Springs Agric. Chems., Inc. v.

Glawson Invs. Corp., 660 F.3d 1277, 1281 (11th Cir. 2011), "There is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible,'" quoting Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010), (quoting in part B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006), abrogated on other grounds by Frazier, 604 F.3d at 1323).

Respondents make several arguments in support of its Motion to Vacate the Arbitration Award and in opposition to PriMed's Motion for Summary Judgment. The Court rejects all of these arguments. As a threshold matter, only the four specified bases for vacatur enumerated in 9 U.S.C. § 10(a) are valid. Frazier, 604 F.3d at 1324, citing Hall Street Assoc., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). The Court finds that none of the narrow FAA exceptions to confirming this arbitration award are present.

Respondents argue that the arbitrator exceeded his powers, claiming § 626.903, Fla. Stat. prohibited the arbitration. Respondents have also argued and made clear their position here in this Court that the subject contract between the parties was illegal, framing the issue as whether an allegedly unlicensed medical discount plan can bring an arbitration in Florida to enforce its contract rights. The argument that the contract was illegal was litigated in arbitration, and this illegality argument was for the arbitrator to decide, not this Court.

The Court has also carefully considered the recent case of Shotts v. OP Winter Haven, Inc., --- So.3d ----, 2011 WL 5864830 (Fla., Nov. 23, 2011). The Court does not believe that the Florida Supreme Court's opinion in Shotts affects or changes the foregoing analysis regarding Respondents' illegality argument.

Respondents have further argued that the arbitrator's award was in manifest disregard of the law. Manifest disregard is no longer a valid ground for vacatur in the Eleventh Circuit.

Frazier, 604 F.3d at 1324. The standard for manifest disregard is that the arbitrator knew the law and he intentionally ignored it. Hercules Steel, 441 F.3d at 910. There is no evidence that that occurred here. Cf. Hercules Steel, 441 F.3d at 911-913; Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461 (11th Cir. 1997).

The Court further finds that because Respondents never objected to the jurisdiction of the arbitrator until they lost the arbitration, they have waived that argument. Della Penna v. Zabawa, 931 So.2d 155, 164 (Fla. 5th DCA 2006).

Respondents also attempt to argue that the arbitrator exceeded his powers because this dispute should never have been arbitrated. Respondents argue that Florida insurance cases cannot be arbitrated in light of the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015 (the "MFA"). The Court disagrees with this argument and therefore rejects it.

Respondents cite two cases that say that Georgia insurance disputes cannot be arbitrated in Georgia – Love v. Money Tree, Inc., 614 S.E.2d 47 (Ga. 2005), and Lawson v. Life of the South Ins. Co., 2010 WL 1416551 (M.D. Ga. 2010). While Georgia does have a statute known as the Georgia Arbitration Act that provides that agreements to arbitrate insurance contracts are not enforceable in Georgia, Florida does not have a statute barring arbitration of insurance cases. Accordingly, both Love and Lawson are inapposite.

If Respondents' argument was the law, then under the MFA, an insurance dispute could not be litigated under the Federal Rules of Civil Procedure simply due to the existence of an insurance statute in Florida. Moreover, the FAA applies by its terms to an arbitration clause in a contract involving interstate commerce. With respect to such contracts, federal law supersedes the Florida Arbitration Code, Ch. 682, Fla. Stat. (the "FAC"), and the FAC is applied in such

cases only to the extent it is not inconsistent with federal law. See Della Penna, supra; Hialeah Auto., LLC v. Basulto, 22 So.3d 586, 589 (Fla. 3d DCA 2009).

Finally, the Court agrees with and finds applicable the following pronouncement of the Eleventh Circuit in Hercules Steel:

> When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken. Arbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases. The more cases there are, like this one, in which the arbitrator is only the first stop along the way, the less arbitration there will be. If arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later.

Hercules Steel, 441 F.3d at 913.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. PriMed's Motion for Summary Judgment (Doc. 16) is **GRANTED**.

2. Respondents' Motion to Vacate the Arbitration Award (Doc. 22) is **DENIED**.

3. The Clerk is directed to enter Final Judgment in favor of PriMed and against Dallas General Life Insurance Company and Jefferson Life Insurance Company.

4. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of February 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record